UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LARRY HARPER, JR., <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL JOHNSON, <br><br> Defendant. | Case No. 20-11138 <br> Honorable Laurie J. Michelson <br> Magistrate Judge Anthony P. Patti |

**ORDER ACCEPTING REPORT AND RECOMMENDATION [30] AND GRANTING DEFENDANT'S MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT [22, 28]**

Larry Harper, Jr. filed this pro se case under 42 U.S.C. § 1983 and Michigan statutes alleging that Michael Johnson, a detective with the Detroit Police Department, knowingly included false statements in a police report that lead to Harper's improper arrest. Harper also claims that Johnson falsely testified against him in state court, denying him due process. In response, Johnson filed two motions: one titled a motion to dismiss and later, one titled a motion for summary judgment. (ECF Nos. 22, 28.) In considering these motions, Magistrate Judge Patti determined that the motion to dismiss relied on materials outside the pleadings, and thus should be evaluated using the summary-judgment standard found in Federal Rule of Civil Procedure 56. (ECF No. 30, PageID.478.) Before the Court is Magistrate Judge Patti's Report and Recommendation recommending Johnson's motions be granted and the case be dismissed. (ECF N0. 30, PageID.502.)

At the conclusion of the February 11, 2022 Report and Recommendation, Magistrate Judge Patti notified the parties that they were required to file any objections within fourteen days of service, as provided in Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d), and that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (ECF No. 30, PageID.502.) Under Federal Rule of Civil Procedure 6(d), since Harper was served via mail, three days are added to the objection period. Waiting the 17-day objection period and allowing some time for the Court to receive objections that Harper may have mailed, it has now been over 20 days since the Report was served on the parties. No objections have been filed.

The Court finds that the parties' failure to object is a procedural default, waiving review of the Magistrate Judge's findings by this Court. In *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981), the Sixth Circuit established a rule of procedural default, holding that "a party shall file objections with the district court or else waive right to appeal." And in *Thomas v. Arn*, 474 U.S. 140, 144 (1985), the Supreme Court explained that the Sixth Circuit's waiver-of-appellate-review rule rested on the assumption "that the failure to object may constitute a procedural default waiving review even at the district court level." 474 U.S. at 149; *see also Garrison v. Equifax Info. Servs., LLC,* No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made." (citing *Thomas*, 474 U.S. at 149–52)). The Supreme

Court further held that this rule violates neither the Federal Magistrates Act nor the Federal Constitution.

The Court therefore finds that the parties have waived further review of the Magistrate Judge's Report and accepts the recommended disposition. (ECF No. 30.) It follows that Defendant's Motion to Dismiss and Motion for Summary Judgment (ECF Nos. 22, 28) are GRANTED.

SO ORDERED.

Dated: March 8, 2022

                                              s/Laurie J. Michelson
                                              LAURIE J. MICHELSON
                                              UNITED STATES DISTRICT JUDGE